IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DUANE JAY ANDERSON, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-17-109
:
ERIC TICE, : (Judge Conaboy)
:
    Respondent :

FILED
SCRANTON
JAN 2 6 2017
Per_____
DEPUTY CLERK

### MEMORANDUM
### Background

    Duane Jay Anderson (Petitioner), an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield), filed the above captioned habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner's request for leave to proceed *in forma pauperis* will be granted for the purpose of the filing of this action with this Court.

    Anderson acknowledges that he entered a guilty plea to charges of illegal use of a computer device; possession of child pornography; and involuntary deviate sexual intercourse with a child in the Susquehanna County, Pennsylvania Court of Common Pleas. On June 23, 2011, Petitioner states that he was sentenced to a twelve and one half to thirty-three and a quarter year term (12 ½ to 33 year, 3 month) of imprisonment

    The instant petition does not challenge the legality of Petitioner's guilty plea. Rather, Anderson's sole claim for relief

1

contends that the Pennsylvania state sentencing court lacked the authority to impose the sentence he is presently serving. Specifically, Petitioner asserts that his sentence was did not comply with the requirements of Pennsylvania's Sentencing Code because the written sentencing order lacked statutory authorization because it did not specifically reference the underlying criminal statutes.

## **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

2

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).[1] See generally, Knowles v. Mirzayance, __ U.S. __, 2009 WL 746274 *3 (March 24, 2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained

---

[1] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

3

in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must

4

show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding).  Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

As discussed above, Petitioner claims entitlement to federal habeas corpus relief on the grounds that the sentencing court imposed an illegal sentence because the written sentencing order failed to cite the criminal statutes underlying the sentences being imposed.  Anderson's claim does not implicate the laws or the Constitution of the United States.  A violation of state law by itself is an insufficient basis for federal habeas corpus relief.  See Engle v. Issac, 456 U.S. 107, 119 (1982).  Since there is no argument by Petitioner that the sentence was outside of the applicable statutory limits, based upon arbitrary considerations or imposed in violation of the defendant's constitutional rights, federal habeas corpus relief is not available.  See Hunt v. Commonwealth, 2016 WL 4528155 * 7  (M.D. Pa. Aug. 30, 2016)

Moreover, Pennsylvania courts have recognized that "failing to cite a statute does not automatically result in a sentence being illegal where the court otherwise had statutory authority to sentence the defendant." Commonwealth v. Stultz, 114 A.3d 865

(Pa. Super April 28, 2015).  It is also noted that when this issue was raised by Petitioner before the Pennsylvania state courts it was rejected.  Pursuant to the above discussion, the petition for writ of habeas corpus will be summarily dismissed.  An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: JANUARY 26th, 2017